959 F.2d 923
 21 U.S.P.Q.2d 2039
 Jacob H. MALTA and Malmark, Inc., Plaintiffs-Appellants,
v.
SCHULMERICH CARILLONS, INC., and Ronald O. Beach,
Defendants/Cross-Appellants,
and
Kelly-Michener, Inc., and the Handchime Company, Ltd., Defendants.
 Nos. 90-1250, 90-1269.
 United States Court of Appeals,
Federal Circuit.
 March 9, 1992.
 
 1
 Charles N. Quinn of Miller & Quinn, Philadelphia, Pa., for plaintiffs-appellants.
 
 
 2
 Albert W. Preston, Jr. of Woodcock Washburn Kurtz Mackiewicz & Norris, Philadelphia, Pa., for defendants/cross-appellants. With him on the brief was John P. Donohue, Jr.
 
 
 3
 Prior report: Fed.Cir., 952 F.2d 1320.
 
 ORDER
 
 4
 A suggestion for rehearing in banc having been filed in this case, and a response thereto having been invited by the court and filed,
 
 UPON CONSIDERATION THEREOF, it is
 
 5
 ORDERED that the suggestion for rehearing in banc be, and the same hereby is, declined.
 
 
 6
 PAULINE NEWMAN, Circuit Judge, dissenting from denial of rehearing en banc.
 
 
 7
 With denial of Malta's request for en banc review, this court has perpetuated the conflicts that flow from the panel's treatment of this jury verdict. The jury verdict was reversed by the panel majority on the basis of evidentiary and substantive rules that were not before the trial judge or the jury, and indeed not embodied in precedent until eight months after the verdict was rendered. The panel majority simply decided the controlling factual issues of this case de novo. Not only law, but justice, have been slighted.
 
 
 8
 We have stated that the rulings of a panel of this court, when inconsistent with earlier rulings, do not bind the court unless adopted en banc. Thus the standard of review of jury verdicts in this court, as well as the interpretation of the doctrine of equivalents, will continue to depend on the selection of the panel. I am told that over one third of the patent cases that come to trial in the district courts are now tried to a jury. In view of the panel majority's disregard of established procedures for appellate review of jury verdicts, the court falters in its obligation to adopt a consistent position on which the public can rely.